1998 OK 41

STATE of Oklahoma ex rel., John L. PORTER, Appellee,

v.

Major General Donald F. FERRELL, OK-ANG, The Adjutant General, State of Oklahoma, and Oklahoma Military Department, Appellants.

No. 82011.

Supreme Court of Oklahoma.

May 19, 1998.

Rehearing Denied July 8, 1998.

Robert J. Unruh, Jr., Oklahoma City, for Appellee.

Michael A. Mannes, Oklahoma City, for Appellants.

HODGES, Justice.

■ ¶ 1 The primary question of law presented on certiorari review is one of first impression. Does title 74, section 840–6.5, of the Oklahoma statutes take precedence over section 24.1 of title 51 with respect to a classified state employee's discharge and forfeiture of wages based upon a felony conviction? This Court holds that the two provisions are compatible such that no issue of precedence is presented. The Court of Civil Appeals and the trial court erred in holding that section 24.1 does not control this dispute. Because no recovery is available in this matter, the secondary issue of whether interest was properly awarded need not be addressed.

¶ 2 Appellee, John Porter [1] (Employee), was employed by Appellant, Oklahoma Military Department, as a permanent employee in a position classified by the Office of Personnel Management. In 1988, he was discharged from employment following an investigation by the Attorney General's Office into allegations of self-dealing and misuse of state funds.

¶ 3 Employee filed an appeal with the Merit Protection Commission. An administrative law judge reduced the discharge to a 30–day suspension. Employee was reinstated in May, 1990.

¶ 4 In October, 1991, Employee was convicted of 36 felony counts of filing false travel claims. In January, 1992, he pled nolo contendre to 11 felony counts of embezzlement of state funds and destruction of public records. All the criminal acts occurred prior to Employee's termination in 1988.

¶ 5 Employee was again discharged based on his felony convictions pursuant to section 24.1 of title 51. He sought back pay, wages, and benefits for the period of December, 1988, through February, 1992, the time between the two discharges. The Merit Protection Commission determined that section 24.1 did not control. Rather, it determined that section 840–6.5 of title 74 was the only provision that applied to this discharge of a permanent classified state employee. The district court agreed and ordered payment of back wages, benefits, and interest. The State Treasurer and the Director of State Finance interplead those amounts. The Court of Civil Appeals affirmed and this Court granted certiorari review.

■ ¶ 6 The primary issue is one of law, reviewed *de novo*. *Salve Regina College v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). It calls for statutory construction. The "fundamental rule" of statutory construction is to ascertain the intent of the Legislature and "[i]f possible construe them so as to render them consistent with one another." *Sharp v. Tulsa Co. Elec-*

1. Appellee is designated in the style of this case as "State ex rel., John L. Porter." Although the order of the district court and the opinion of the

Court of Civil Appeals suggest party alignment with the State of Oklahoma, this Court notes that John L. Porter appears in an individual capacity.

578

*tion Bd.,* 890 P.2d 836, 840 (Okla.1994). As this Court has stated:

> In construing statutes, harmony, not confusion is to be sought and when two acts or parts thereof are reasonably susceptible of a construction that will give effect to both and the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict.

*Forston v. Heisler,* 341 P.2d 252, 253 (Okla. 1959) (Syllabus by the Court ¶ 2). The "apparent discord" the Court of Civil Appeals found between the two provisions is resolved by utilizing this rule of construction.

¶ 7 Section 24.1 of title 51 was enacted in 1965 and it was last amended in 1987. It provides

> A. Any elected or appointed state or county officer or employee who, during the term for which he was elected or appointed, is, or has been, found guilty by a trial court of a felony in a state or federal court of competent jurisdiction shall be automatically suspended from said office or employment.... Any such officer or employee upon final conviction of, or pleading guilty or nolo contendere to, a felony in a state or federal court of competent jurisdiction shall vacate such office or employment and if such felony or other offence violates his oath of office shall forfeit all benefits of said office or employment....

The Oklahoma Personnel Act was enacted in 1983. *See* Okla. Stat tit 74, §§ 840–1.1 thru 840–6.9. In it, section 840–6.5 provides:

> A. It is the purpose of this section to provide a system for the prompt, fair, and equitable disposition of appeals by permanent classified employees who have been demoted, suspended, or discharged. Further, it is the intent of this section that all decisions rendered as a result of this procedure shall be confined to the issues submitted for decision and consistent with the applicable laws and rules.
> B. Any employee in the classified service may be discharged, suspended without pay for not to exceed sixty (60) calendar days, or demoted by the agency, department, institution, or officer by whom employed

for misconduct, insubordination, inefficiency, habitual drunkenness, inability to perform the duties of the position in which employed, willful violation of the Oklahoma Personnel Act or the rules prescribed by the Office of Personnel Management or by the Oklahoma Merit Protection Commission, conduct unbecoming a public employee, conviction of a crime involving moral turpitude, or any other just cause....

This provision was most recently amended in 1995.

¶ 8 The Court of Civil Appeals found conflict between these two provisions in that section 24.1 mentions forfeiture while section 840–6.5 does not. It then resolved the conflict by determining that the Legislature must have intended that only "unclassified employees" be subject to forfeiture of position and benefits upon conviction of a felony. But the Court of Civil Appeal's judicial addition of the term "unclassified" to the text of the statute does not further the mandated goal of harmonizing two provisions without violence to either. It is particularly unnecessary when the two provisions actually compliment each other as in this instance.

¶ 9 By its terms, section 24.1 applies to "*any* elected or appointed state or county officer or employee" (emphases added) convicted of a felony. "The use of the word 'any' within a statute is equivalent and has the force of 'every' and 'all'." *Shattuck v. Grider,* 493 P.2d 829, 830 (Okla.Crim.App. 1972) (Syllabus by the Court ¶ 4). Section 840–6.5, on the other hand, is intended to provide a system for "disposition of appeals by permanent classified employees who have been demoted, suspended, or discharged. Further, it is the intent of this section that all decisions rendered as a result of this procedure shall be ... consistent with the applicable laws and rules." Okla. Stat. tit. 74, § 840–6.5(A) (emphasis added). Section 24.1 is properly viewed as one of the applicable laws.

¶ 10 This provision, by which a felony conviction causes a forfeiture, does not conflict with nor does it impair the operation of the Oklahoma Personnel Act. Rather, it operates as an overarching provision applicable to

all state and county officers and employees without regard to whether one of the grounds for discipline enumerated in section 840–6.5(B) is also present. The Legislature's decision that a convicted felon forfeits public position and benefits in no way conflicts with its decision that classified employees may be discharged only for just cause. Section 24.1's forfeiture provision merely augments the discipline and discharge procedures for permanent classified employees found at section 840–6.5. Because harmony is evident in the two provisions, no resort to other rules of construction is allowed.

¶ 11 The Court of Civil Appeal's affirmance of the trial court's determination that section 24.1 did not control this proceeding was error. Section 24.1 does apply. By it, Employee "forfeit[s] all benefits of ... employment." Okla. Stat. tit 51, § 24.1(A). On remand, the trial court is directed to release the interplead funds to the State of Oklahoma. This decision makes it unnecessary for this Court to address whether interest was properly awarded.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED WITH DIRECTIONS.

¶ 12 KAUGER, C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON and WATT, JJ., concur.

¶ 13 SUMMERS, V.C.J., and LAVENDER, J., dissent.

SUMMERS, Vice Chief Justice, dissenting, with whom, LAVENDER, Justice, joins.

¶ 1 This case is one of first impression, involving the interpretation of 74 O.S.Supp. 1995 § 840–6.5 and 51 O.S.1991 § 24. The conflict between the two statutes is obvious: one requires the forfeiture of all benefits if convicted of a felony, while the other makes no mention of forfeiture as a way of punishment. The Court of Civil Appeals reconciled the two statutes by holding that 51 O.S.1991 § 24.1 (the forfeiture provision) applied only to non-classified employees, and that 74 O.S.Supp.1995 § 840–6.5 applied only to classified employees. The latter statute expressly applies to classified employees, and the Court of Civil Appeals concluded that because Porter was a classified employee, Section 840–6.5 applied, and hence he could not be made to forfeit the fourteen months of back pay.

¶ 2 The Court of Civil Appeals' opinion resolves the apparent conflict between the statutes by reading into Section 24.1 the word "non-classified" as a term to modify "employee." Section 24.1, by express terms, makes no mention of "non-classified" employees, but refers only to "any elected or appointed state or county officer or employee." On the other hand, Section 840–6.5 expressly applies only to "employees in the classified service." Clearly, Porter falls within Section 840–6.5. The question is whether Section 24.1 also applies, or perhaps "modifies" Section 840–6.5 so as to require a forfeiture of back pay when the employee is convicted of a felony. Section 840–6.5 allows discharge, but not forfeiture, upon conviction of a crime involving moral turpitude.

¶ 3 A statute authorizing forfeiture must be strictly construed. *Willhite v. Willhite,* 546 P.2d 612 (Okla.1976). We also must give effect to the intent of the legislature. *Sharp v. Tulsa Co. Election Bd.,* 1994 OK 104, 890 P.2d 836, 840 (Okla.1994). Statutes should be construed so as to render them consistent with one another. *Id.*

¶ 4 Section 840–6.5 obviously covers the discharge or suspension of a classified employee such as Porter. It makes no mention of forfeiture, but does state that a classified employee can be suspended for not more sixty than days without pay. A reasonable interpretation of this language is that a classified employee cannot be suspended for more than sixty days without pay. This statute permits imposition of punishment after the conviction of a crime involving moral turpitude, but does not allow forfeiture for criminal conduct.

¶ 5 Unlike Section 840–6.5, Section 24.1 applies to "any elected or appointed state or county officer[s] or employee[s]." Standing by itself this statute is ambiguous. It can be read to apply to "any" state employee, or it

can be read to apply only to the employees of elected or appointed state officers. However, the remaining language in Section 24.1 supports the interpretation that its terms were meant to apply only to the employees of elected or appointed officers. Under the Oklahoma Personnel Act most employees of elected and appointed officers are not classified. *See* 74 O.S.Supp.1995 § 840–5.5. While Section 24.1 does not expressly say "nonclassified", that would be a reasonable interpretation, especially in light of the other language in Section 24.1 and in Title 51.

¶ 6   Notably, Title 51 deals with the various procedures and regulations of state officers. It sets out the oath of office, 51 O.S. 1991 § 2, qualification for state officers, 51 O.S.1991 § 6, and vacancy and resignation policies, 51 O.S.1991 § 8–9. In addition to its forfeiture language, Section 24.1 goes on to set out procedures for filling an office that is forfeited. In the latter regard it specifically exempts certain state officers such as members of the State Legislature. It continues by addressing the forfeiture of retirement benefits by "such officer or employee."

¶ 7   With all of Title 51 as a guide, it is evident what the Legislature has done. The sections in Title 74 (Personnel) *expressly* apply only to "classified employees", those with Merit Protection Commission protection. Porter was such a classified employee. Title 74 does not provide for forfeiture. Title 51 provides for forfeiture for employees of state officers.

¶ 8   Reading each set of statutes as a whole I conclude that 74 O.S. § 840–6.5 covers classified employees, and that 51 O.S. § 24.1 does not. This interpretation not only gives effect to both statutes, and avoids overlapping and inconsistency, but it also supports the legislative intent of the Oklahoma Personnel Act by giving a statutory guideline to classified employees with regard to the severity of punishment imposed. *See* 74 O.S. 1991 § 840–1.3. Title 51, with the only section providing for forfeiture, cannot have any applicability to a classified employee such as Porter. The Court of Civil Appeals correctly reached this conclusion, as did the District Court and the Merit Protection Commission before it. I respectfully dissent.