1999 OK CIV APP 79

**Lynn MALTSBERGER, Appellant,**

**v.**

**The BOARD OF COUNTY COMMISSIONERS OF PAWNEE COUNTY, Appellee.**

**No. 97,712.**

Court of Civil Appeals of Oklahoma, Division No. 2.

June 15, 1999.

Lauren LeBlanc Day, Oklahoma City, Oklahoma, For Appellant.

Woodrow K. Glass, Collins, Zorn, Jones & Wagner, P.C., Oklahoma City, Oklahoma, For Appellee.

REIF, J.

¶ 1 This appeal concerns the liability of Pawnee County for injuries allegedly sustained by Lynn Maltsberger when a bridge maintained by the County collapsed as he drove across it. At the time of the accident, Mr. Maltsberger was delivering mail as an employee of the United States Postal Service. He was covered under the Federal Employees Compensation Act for such work-related mishaps. However, the Office of Workers' Compensation Programs of the U.S. Department of Labor denied a claim by Mr. Maltsberger for this accident due to an insufficiency in his medical evidence. The defendant Board of County Commissioners of Pawnee County moved for summary judgment on the ground that the County was exempted from tort liability in cases of "[a]ny loss to any person covered by any workers' compensation act or any employer's liability act." 51 O.S. Supp.1998 § 155(14), in effect from July 1, 1994, to July 1, 1999. In response, Mr. Maltsberger suggested that the case of *Childs v. State ex rel. Okla. State Univ.*, 1993 OK 18, 848 P.2d 571, limited the application of this exemption to (1) nongovernmental employees (2) who had actually recovered workers' compensation benefits (3) under a state workers' compensation act. The trial court rejected Mr. Maltsberger's argument and granted summary judgment in favor of defendant County Commissioners.

¶ 2 In reviewing Mr. Maltsberger's appeal of the summary judgment, we find nothing in the *Childs* case that purports to limit the exemption in section 155(14) to cases with similar circumstances. In addition, we construe section 155(14) to exempt the State and its subdivisions from tort liability in any case where the party seeking recovery from the State or one of its subdivisions is covered by a workers' compensation act, state or federal, regardless of the outcome of the party's claim for benefits.

¶ 3 Section 155(14) expressly applies to "*any* loss to *any* person covered by *any* workers' compensation act." (Emphasis added.) "The use of the word 'any' within a statute is equivalent and has the force of 'every' and 'all.'" *State ex rel. Porter v. Ferrell*, 1998 OK 41, ¶ 9, 959 P.2d 576, 578 (citation omitted). When the legislative history of this exemption as discussed in *Childs* is also considered, we find that the legislature has evinced a clear intent that the exemption will apply in *every case* where a person who has *any type of workers' compensation coverage* seeks to impose tort liability against the State or one of its subdivisions for the injurious event that is also within the workers' compensation law.

¶ 4 "Words in any statute are to be understood in their ordinary sense." 25 O.S. 1991 § 1. Therefore, a person is "covered" by a workers' compensation law when the law "covers" or "afford[s] protection [to] or compensation for [them]." *Webster's New Collegiate Dictionary* (1974). A person has "coverage" under a workers' compensation law when they are "includ[ed] within the scope of an insurance policy or protective plan." *Id.* Plainly, it is the fact that the person is covered or has coverage under a workers' compensation law that makes the exemption operative, and not whether the person has, in fact, recovered under the workers' compensation law. "Where a statute is plain and unambiguous and its manifest intention and purpose is clearly shown by the language employed therein, the court is without authority to render a different meaning or construction thereon, in order to avoid an inequality that may arise in isolated cases." *In re Assessment of Champlin Refining Co.*, 186 Okla. 625, 99 P.2d 880 (1940) (syllabus 3).

¶ 5 There was no controversy that Mr. Maltsberger was covered by a federal workers' compensation act for the injurious event for which he seeks tort recovery from Pawnee County. The legislature has expressly exempted the State and its subdivisions, like Pawnee County, from tort liability in such circumstances. "Where it appears that there is no substantial controversy as to any material fact and that a party is entitled to judgment as a matter of law, summary judgment

is properly granted." *Heavner v. Farmers Ins. Co.,* 1983 OK 51, ¶ 12, 663 P.2d 730, 732 (citations omitted). Accordingly, the trial court properly entered summary judgment in favor of the defendant Board of County Commissioners of Pawnee County.

¶ 6  AFFIRMED.

BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.