Dear District Attorney Cathy Stocker,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 In determining the minimum salary of the assistant secretary of the county election board according to 26 O.S. 2001, § 2-117, what is meant by the phrases "any county officer" and "whichever is lower," and how are these phrases to be applied?
¶ 1 Title 26 O.S. 2001, § 2-117[26-2-117] provides that, in counties with at least 17,500 registered voters, the secretary of the county election board may employ an assistant secretary, with duties as prescribed therein. The statute describes the minimum salary of the assistant secretary as follows:
 The minimum salary of the assistant secretary shall be equal to the salary of the highest salaried
first or chief deputy or assistant to any county officer in the same county, or shall be equal to ninety percent (90%) of the scheduled salary of a full-time secretary in the same county, whichever is lower.
Id. (emphasis added).
¶ 2 To put your question in context, consider the following example: the secretary of the county election board in county "A" is paid a salary of $2,753.91 per month, pursuant to 26 O.S.Supp. 2002, § 2-118[26-2-118](A). Ninety per cent (90%) of the monthly salary of the county election board secretary is $2,478.52. Elected officers of the county, such as county commissioners, sheriff, treasurer, etc. are paid a monthly salary of $3,700, in accordance with 19 O.S. 2001, § 180.63[19-180.63]. Pursuant to 19 O.S.2001, § 180.65[19-180.65](C), in each of the county elective offices, except for the sheriff's office, the "first or chief deputy or assistant" is paid $2,200 per month.[1] The undersheriff, first assistant to the sheriff, is paid $2,600 per month. Under26 O.S. 2001, § 2-117[26-2-117], what is the correct minimum salary for the first assistant to the election board secretary?
¶ 3 A related question was previously addressed in Attorney General Opinion 85-92. There, the phrase "first or chief deputy or assistant" in Section 2-117 was construed to mean those individuals designated as such of record in the county clerk's office pursuant to Section 180.65(B) of Title 19. Id. at 156.
¶ 4 The language and context of Section 2-117 reflects a legislative effort to set a minimum salary for the assistant election board secretary. The term "minimum" is defined as "the least quantity . . . possible in a given case." Webster's Third New International Dictionary 1438 (3d ed. 1993). To determine this prescribed minimum, one must determine (a) the salary of the "highest salaried first or chief deputy or assistant to any county officer in the same county"; and (b) 90% of the salary of the election board secretary, compare them, and take the lower quantity.
¶ 5 But what is meant by "any county officer?" There are at least two possible interpretations.[2] One is the highest salary of all first assistants to county officers. The second is the salary of the highest paid first assistant to any one
county officer. As provided in 19 O.S. 2001, § 180.65[19-180.65](B), certain specified county officials are required to designate a first or chief deputy or assistant, but each of these officials can have only one first assistant. Under the facts given, the first interpretation would result in a figure of $2,600, the salary of the Undersheriff, the highest of all first assistant county officers. The second interpretation cannot logically be applied, since any given county officer has only one first assistant, leaving no room for comparison to determine the "highest."
¶ 6 Section 2-117 states that the "minimum salary of the assistant secretary" is to be determined in reference to (a) a percentage of the salary of the Election Board Secretary, and (b) the salary of the "highest salaried" chief deputy or assistant to "any" county officer in the same county, using "whicheveris lower." Id. (emphasis added). We must presume the Legislature included each of these phrases for good reason, and must endeavor to give meaning to all the words and phrases of the statute.
¶ 7 There can be only one salary amount for the "highestsalaried first or chief deputy or assistant to any county officer in the same county." Id. (emphasis added). Otherwise, the phrase "highest salaried" becomes meaningless. Construing all words of the statute together, we must conclude the Legislature intended, in computing the minimum salary of the election board assistant secretary, to compare (a) 90% of the salary of the election board secretary, to (b) the pay of the highest salaried chief deputy or assistant to any county officer in the county (in our example, this chief deputy would be the undersheriff), then taking the lower figure. In our example, this amount would be $2478.52, or 90% of the election board secretary's salary.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 In determining the minimum salary of the assistant secretary of a county election board according to 26 O.S. 2001, § 2-117, the pay of the highest salaried first assistant or chief deputy to an elected county officer is to be compared with a figure equal to 90% of the salary of the Secretary of the Election Board, and whichever number is lower shall be the minimum salary for the assistant secretary.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] In this instance, all the offices except that of the Sheriff have the same salary for each first or chief deputy. In other counties, it would be possible for each chief or first deputy to have a different salary under 19 O.S. 2001, §180.65[19-180.65](C), since this statute establishes a maximum salary.
[2] In Webster's Third New International Dictionary one definition of "any" is "one indifferently out of more than two," but a second definition is "all indiscriminately of whatever quantity." Id. at 97. The word "any" can be used to denote "all," "every," "some" or "one." See Indus. Risk Insurers v.Hartford Steam Boiler Inspection Ins. Co., 799 A.2d 737, 748
(Conn. 2001) (citations omitted). Since the statute does not define "any," we must look to the intent and purpose of the statute. While the Legislature's use of the word "any" within a statute may be equivalent to the term "all," (see State ex rel.Porter v. Ferrell, 959 P.2d 576, 578 (Okla. 1998);Maltsberger v. Bd. of County Comm'rs, 987 P.2d 437, 438
(Okla.Ct.App. 1999)), it does not always have this meaning.See Davis v. GHS Health Maint. Org., 22 P.3d 1204, 1209
(Okla. 2001). Further, in construing a statute, words and phrases are to be understood and used not in an abstract sense, but with due regard for context, so as to harmonize with other sections of the act in light of the purpose and intent of the legislature.McNeill v. City of Tulsa, 953 P.2d 329, 332 (Okla. 1998).