Dear Representative Lamons:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does credited service time in the Oklahoma Police Pension and Retirement System accrue for a person who undergoes police training to become a permanent police officer for a participating municipality while under the age of twenty-one years, and who, upon reaching the age of twenty-one is sworn in as a police officer?
 2. If a person undergoes and completes training to become a permanent police officer while under the age of twenty-one, remains employed by a participating municipality prior to reaching age twenty-one, and is sworn in as a police officer upon reaching age twenty-one, may he or she receive service credit with the Oklahoma Police Pension and Retirement System for the period between completion of training and swearing in?
 I.
To answer the first question, we must look to the statutory requirements for participation in the Oklahoma Police Pension and Retirement System ("System").
Participation requirements of the System are set forth in 11 O.S. Supp.2006, § 50-112. Subsection A of this section currently mandates participation in the System for two classes of persons: officers and persons undergoing training to become permanent police officers. Subsection A in pertinent part states:
 All persons employed as full-time duly appointed or elected officers who are paid for working more than twenty-five (25) hours per week or any person hired by a participating municipality who is undergoing police training to become a permanent police officer of the municipality shall participate in the System upon initial employment with a police department of a participating municipality.
Id. (emphasis added).
Subsection A further provides additional participation requirements with respect to police officers as follows:
 Except as otherwise provided in this section, a police officer shall be not less than twenty-one (21) nor more than forty-five (45) years of age when accepted for membership in the System.
Id. While this age restriction is a condition for membership with respect to police officers for participation in the System, it is not a condition for eligibility with respect to persons undergoing training.See id. Accordingly, a person who is undergoing training to become a permanent police officer need not be twenty-one years of age during any portion of the training in order to participate in the System.
Having established the requirements for participation in the System, we must next determine under what circumstances an eligible participant receives credited service in the System. In this regard, "credited service" is defined in pertinent part as follows:
 "Credited service" means the period of service used to determine the eligibility for and the amount of benefits payable to a member. Credited service shall consist of the period during which the member participated in the System. . . .
11 O.S. Supp.2006, § 50-101(8) (emphasis added). Since credited service accrues to a "member" for the period of time the member participates in the System, we must next determine whether police officers and persons undergoing training are "members" who are eligible to accrue credited service. In this regard, a "member" of the System is defined in pertinent part as follows:
 "Member" means all eligible officers of a participating municipality and any person hired by a participating municipality who is undergoing police training to become a permanent police officer of the municipality.
Id. § 50-101(6) (emphasis added). Since we find that the term "member" includes only "officers" and any person "who is undergoing police training," we must conclude that only officers who are not less than twenty-one nor more than forty-five years of age when accepted for membership in the System, and any person undergoing training to become a permanent police officer, even if under twenty-one years of age during the entire training period, may receive credited service for the period of time during which the person participates in the System. See id.
§ 50-101(8).
 II.
You next ask whether a person who undergoes training to become a permanent police officer while under the age of twenty-one, but who remains employed by a participating municipality and who upon reaching the age of twenty-one is sworn in as a permanent police officer, may receive credited service for the period between completion of the training and swearing in at age twenty-one. You have advised that during such period, such person would have remained employed by the participating municipality assisting in police-related duties.
We preliminarily note that the statutory provisions requiring participation in the System by a person undergoing training to become a permanent police officer were first enacted effective July 1, 1995, and in pertinent part provided as follows:
 [A]ny person hired by a participating municipality who is undergoing police training to become a permanent police officer of the municipality shall participate in the System upon initial employment with a police department of a participating municipality.
11 O.S. Supp.1995, § ?50-112(A). "Absent a plain legislative intent to the contrary, statutes are generally presumed to operate prospectively only." Cole v. Silverado Foods, Inc., 78 P.3d 542, 546 (Okla. 2003). There is nothing expressly declared nor is there any implication from the language used in this provision of law that necessarily shows a Legislative intent for a retroactive application of the amendment. Accordingly, it was not until July 1, 1995, that persons undergoing training were authorized to participate and receive "credited service" in the System. Therefore, if a person underwent training before July 1, 1995, then no service credit may be received by such person for the training period.
We must next determine what "training to become a permanent police officer" means in order to establish whether a person is eligible to receive credited service for the period of time from "completion" of the training while under the age of twenty-one until being sworn in upon reaching twenty-one, when the person continues to work for the municipality by assisting in police-related duties. In this regard, we find upon review of the statutes setting out the eligibility requirements for participation in the System as set forth herein, no explanation or definition of the term "training." However, other provisions of the Oklahoma statutes do address the subject of police officer training. "Any doubt as to the purpose or intent of a statute may be resolved by resort to other statutes relating to the same subject matter." Naylor v. Petuskey, 834 P.2d 439, 441 (Okla. 1992). Accordingly, we look to these statutes in our analysis.
At the time the amendment requiring participation in the System by persons undergoing police officer training was enacted in 1995, Oklahoma law required the Council on Law Enforcement Education and Training ("CLEET"), a governmental agency, to certify police officers.See 70 O.S. Supp.1995, § 3311(D). Such law in pertinent part provided:
 2. No person shall be certified as a police or peace officer in this state unless the employing agency has reported. . . .
 . . . .
 and the Council has determined that such person has satisfactorily completed a basic police course of not less than one hundred twenty (120) hours of accredited instruction for reserve police officers and reserve deputies and not less than three hundred (300) hours for full-time salaried police or peace offices from the Council or curriculum or course of study approved by the Council.
Id. (emphasis added).
This section further provided that failure to meet the qualifications for certification would result in a forfeiture of the position, in pertinent part as follows:
 3. Every person who has not been certified as a police or peace officer and is duly appointed or elected as a police or peace officer shall hold such position on a temporary basis only, and shall, within one (1) year from the date of appointment or taking office, qualify as required in this subsection or forfeit such position.
Id. (emphasis added). Statutory provisions requiring CLEET accredited or approved basic training and forfeiture of position have remained in effect since 1995. See 70 O.S. Supp.2006, § 3311(E)(2).[1]
The consequences of failure to meet the statutory requirements for police officers, including the basic police course of accredited instruction, have been addressed in previous Attorney General Opinions. For example, in Opinion 81-180, the Attorney General considered whether a non-chartered municipality could hire a police officer who did not meet the minimum requirements for accredited law enforcement officers.Id. at 326. In analyzing the provisions of this section, which have not materially changed with respect to forfeiture since 1980, the Attorney General concluded that:
 [A] municipality must appoint law enforcement officers who meet the statutory standards set forth in 70 O.S. Supp.1980, § 3311. Further, . . . a municipality may hire, as a temporary police officer, a person who meets all the statutory requirements except for the educational requirement. Such temporary appointments however must be forfeited if the educational requirement is not completed within one year from the date of the appointment.
Id. (emphasis added). Similarly, the Attorney General in Opinion 86-46 considered whether military security guards appointed pursuant to 44 O.S. 1981, § 230[44-230] must be terminated if they did not complete the basic police training course within a year of appointment. The Attorney General concluded that the "language of [Section 3311(D)(3)] clearly provides that if a peace officer fails to complete the required police training within one year of appointment, he forfeits the position.Jackson, supra. CLEET may extend the time for completion of the training for good cause." A. G. Opin. 86-46, at 90.
"The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). The language used in the 1995 version of Section 3311 expressly required a person to undergo accredited instruction either from the Council itself or a curriculum or course of study approved by the Council in order to become a permanent police officer. There was no other recognized training to become "a permanent police officer."
In 1995 when the Legislature authorized a person hired by a municipality who was undergoing "police training to become a permanentpolice officer" to participate in the System, as provided by 11 O.S. Supp.1995, § 50-112(A), the training was that mandated by Section 3311(D) of Title 11. Our conclusion is consistent with the principles set forth in Sharp v. Tulsa County Election Board, 890 P.2d 836 (Okla. 1995), which provided:
 If possible, statutes are to be construed so as to render them consistent with one another. It is the duty of this Court to reconcile the different provisions of statutes, as far as practicable, to make them not only consistent and harmonious, but also to give an intelligent effect to each.
Id. at 840 (citations omitted). Our construction of the two statutory provisions renders them not only harmonious and consistent, but also consistent with the interpretation of Section 3311 expressed in the two earlier Attorney General Opinions. When "harmony is evident in the two provisions [of law], no resort to other rules of [statutory] construction is allowed." State ex rel. Porter v. Ferrell, 959 P.2d 576,579 (Okla. 1998). As a result of this conclusion, we determine that a person who has completed police training to become a permanent police officer while under the age of twenty-one, but who remains employed by a municipality until he or she reaches twenty-one and is sworn in as a permanent police officer, does not receive credited service for the period between completion of the CLEET accredited or approved instruction and swearing in.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Participation in the Oklahoma Police Pension and Retirement System is mandatory for police officers who are not less than twenty-one nor more than forty-five years of age when accepted in the System, and for persons who are undergoing police training to become permanent police officers even if under the age of twenty-one during the training period. 11 O.S. Supp.2006, § 50-112(A). Credited service accrues for the period of time during which such persons participate in the System. 11 O.S. Supp.2006, § 50-101(8).
 2. Participation in the System by persons undergoing police training was authorized and mandated by the Legislature effective July 1, 1995. See 11 O.S. Supp.1995, § 50-112. Accordingly, applying the law prospectively, it was not until July 1, 1995, that persons undergoing training to become permanent police officers were authorized to receive credited service. Id. Therefore, if a person underwent training to become a permanent police officer prior to July 1, 1995, no service credit may be received by such person for the training period. Id.
 3. The law in effect at the time of such authorization required that training to become a permanent police officer be provided or approved by the Council on Law Enforcement Education and Training ("CLEET"). See 70 O.S. Supp.1995, § 3311(D). There was no other training to become a permanent police officer which would qualify such person for participation in the System. See id.
 4. Current law maintains the requirement of CLEET accredited or approved training in order for persons to become permanent police officers. 70 O.S. Supp.2006, § 3311(E).
 5. A person who has completed CLEET accredited or approved police officer training to become a permanent police officer while under the age of twenty-one, but who remains employed by a municipality until he or she reaches twenty-one years of age and is sworn in as a permanent police officer, may not receive credited service for the period between completion of training and swearing in. See 11 O.S. Supp.1995, § 50-112; 70 O.S. Supp.1995, § 3311(D).
W.A. DREW EDMONDSON
 ATTORNEY GENERAL OF OKLAHOMA
DOROTHY BROWN
ASSISTANT ATTORNEY GENERAL
[1] The Legislature amended Section 3311 in 2007, but those amendments are not germane to your question. See 2007 Okla. Sess. Laws ch. 1, § 74.