Reif, J., dissenting:
¶1 The United States Court of Appeals for the 10th Circuit has presented this Court with a certified question of unsettled Oklahoma law, as provided in 20 O.S.2011, §§ 1601 - 1611. The 10TH Circuit has a pending appeal that involves a controversy over the exclusive remedy/immunity provisions in section 5 of Oklahoma's Administrative Workers' Compensation Act, 85A O.S. Supp. 2016, § 1 et seq. The appeal arose from a tort suit brought by Perry and Carolyn Odom against Penske Truck Leasing Co., the parent company of Mr. Odom's direct employer Penske Logistics, LLC. The Odoms seek to recover for injuries Mr. Odom sustained while working for Penske Logistics and for which workers' compensation benefits were paid. The United States District Court for the Western District of Oklahoma dismissed this suit because (1) Penske Truck Leasing is the sole stockholder in Penske Logistics and (2) the first sentence in section 5(A) extends exclusive remedy/immunity protection to a "stockholder" of an employer who is subject to the Workers' Compensation Act.
¶2 The Odoms appealed this dismissal, contending that the exclusive remedy protection in the first sentence in section 5(A) is qualified by the third sentence in this section. The Odoms basically argue that the third sentence limits immunity to instances where the stockholder has acted in "the role of employer." The Odoms assert Penske Truck Leasing did not fulfill this role in regard to Mr. Odom's employment. The task for this Court is to determine Legislative intent concerning exceptions to the exclusive remedy/immunity protection provided by workers' compensation.
¶3 From the inception of workers' compensation in Oklahoma, the rule that workers' compensation provides the exclusive remedy *535 for job-related injuries has been founded on statute. Laws 1915, ch. 246, art. 2, § 2. This first statute contained a single exception for cases where the employer had failed to secure the payment of compensation. In such cases, an action in court to recover damages was allowed, but this claim was to be prosecuted by the State Industrial Commission on behalf of the employee. An amendment in 1919 kept most of the language in the first statute, but specified the action for damages was to be brought by the injured employee or his representative, not the Commission. Laws 1919, ch. 14, § 5.
¶4 An amendment in 1951 added language that declared workers' compensation was not only exclusive, but also "in place of all other liability of the employer ... at common law or otherwise." 85 O.S.1951, § 12. This amendment also extended protection to "any ... employees," and made exclusivity binding on the an employee's "spouse, personal representative, parents, dependents, or any other person." Id. Like prior versions, there was a single exception for cases where the employer failed to secure compensation. Id. This amendment clearly expanded the scope of exclusive remedy protection as a substitute for liability "at common law or otherwise."
¶5 In 1982, the Legislature again amended the statute making workers' compensation the exclusive remedy for job-related injuries. 85 O.S. Supp. 1982, § 12. This amendment referred to the exclusive remedy rule as "immunity" for the first time. Id. The amendment also specially addressed the liability of other employers and their employees on the same job as the injured worker. The amendment stated that immunity would not extend to such other employers and their employees unless the other employer stood "in the position of an intermediate or principal employer," including the situation of special master to a loaned servant. Id. In this amendment, the Legislature demonstrated that it would specifically and clearly address any employment relationships it intended to be excepted from the exclusive remedy/immunity protection of workers' compensation.
¶6 In 1984, a special rule of immunity was added. Architects, professional engineers and land surveyors were extended immunity for "services performed at or on the site of a construction project ... but not [for] negligent preparation of design plans and specifications." 85 O.S. Supp. 1984, § 12. Again, the Legislature clearly and specifically addressed the scope of the exclusive remedy/immunity rule and an exception therefrom.
¶7 The statutory language addressing the exclusive remedy rule and immunity provided by workers' compensation was again amended in 2011. 85 O.S.2011, § 302. The most noticeable change made by this amendment is the division of the statute into subsections (A)-(I). The second most noticeable change is the addition in subsection (A) of a second exception to the exclusive remedy/immunity rule. This new exception applies in cases of an intentional tort committed by an employer, as more fully explained in subsection (B). The third change made by the legislature was to specially provide in subsection (H) that operators and owners of oil and gas wells and other drilling operations would be treated as "immediate employers" entitled to immunity.[1] Once again, the Legislature has clearly and specifically addressed employment relationships covered by the exclusive remedy/immunity rule and an exception to the rule.
¶8 The current statutory law governing the exclusive remedy and immunity protection of workers' compensation is 85A O.S. Supp. 2016, § 5. This statute has preserved for the administrative system nearly all of the legislative enactments on this subject since the inception of workers' compensation. The first sentence in subsection 5(A) continues the long standing rule that "the rights and remedies granted to an employee subject to ... Workers' Compensation ... shall be exclusive of all other rights and remedies ...." Id. (emphasis added). In addition, the first sentence preserves the long standing application of this rule to employers and their employees.
*536 ¶9 The first sentence in subsection 5(A) also does something new, however, by extending the exclusive remedy/immunity protection to "any" principal, officer, director, stockholder, partner, or prime contractor of the employer. These are the common agents, along with employees, through whom artificial entity employers act.
¶10 Although a new provision, the second sentence of section 5(A) reinforces exclusivity and immunity. The second sentence prohibits imputing the negligent act of a co-employee to the employer.
¶11 A more difficult challenge is presented by the third sentence in section 5(A). The first clause in the third sentence cryptically declares that "No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration of the purposes of this act...." Id. To be sure, the relationship of this declaration to existing law is not as readily apparent as in the case of the first sentence.
¶12 While lacking a counterpart in prior statutory law, this declaration does address and eliminate the case law exception to exclusive remedy/immunity recognized in Weber v. Armco, Inc. , 1983 OK 53, ¶ 10, 663 P.2d 1221, 1226-7. This case said workers' compensation would not be the exclusive remedy where "the employer ... step[s] outside the boundaries of the employer-employee relationship [and] creat[es] separate and distinct duties to the employee...." Id., 663 P.2d at 1227. Legislative intent to nullify this "outside role or persona" exception is found in the further declaration in the second clause: "the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have." 85A O.S. Supp. 2016, § 5.
¶13 Perhaps the best reason to reject the Odoms' interpretation of the cryptic first clause in sentence three is that it results in an exception to the exclusive remedy/immunity rule that the Legislature did not clearly and explicitly provide. The Legislature considered and addressed the subject of exceptions in section 5(B). In doing so, the Legislature provided only two exceptions; one in cases where the employer fails to secure the payment of compensation and the other in cases of injuries caused by the intentional torts of the employer. The failure to secure compensation exception has existed since the inception of workers' compensation. The intentional tort exception with special conditions has been the subject of legislation since 2011.
¶14 Moreover, in section 5(H), the Legislature also provided a special exception in cases of architects, professional engineers, and land surveyors. These parties are shielded by the exclusive remedy/immunity rule "for services performed at or on the site of a construction project, but ... not [for] the negligent preparation of design plans and specifications." Id.
¶15 If the Legislature intended to limit or qualify the right of principals, officers, directors, employees, stockholders, partners and prime contractors to claim exclusive remedy/immunity, it would have expressly done so as it did in sections 5(B) and 5(H), and has consistently done in the past. Instead, the Legislature extended the protection to "any" principal, officer, director, employee, stockholder, or prime contractor of the employer. The use of the word "any" within a statute is equivalent and has the force of "every" and "all." State ex rel Porter v. Ferrell , 1998 OK 41, ¶ 9, 959 P.2d 576, 578. These terms reflect intent that the subject matter which they modify have "broad and expansive reach." Prescott v. Oklahoma Capitol Preservation Commission , 2015 OK 54, ¶ 4, 373 P.3d 1032, 1033.
¶16 Finally, the statutory command that the Administrative Workers' Compensation Act is to be strictly construed weighs against recognizing exceptions not clearly stated by the Legislature. 85A O.S.2011, § 1. A strict construction of subsection 5(A) would be as follows: (1) "The rights and remedies granted to an employee subject to the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies ... against the employer ... on account of injury, illness, or death." 85 O.S. Supp. 2016, § 85 (emphasis added); (2) this exclusivity applies "regardless of the multiple roles, capacities, *537 or personas the employer may be deemed to have," because the only "relevant role" for purposes of the Act is "the role of employer;" and (3) an employer who has liability under the Act for an injury, illness or death is protected from civil suit by the exclusive remedy/immunity provisions along with the employer's principals, officers, directors, employees, stockholders, partners, and prime contractors, unless one the specific exceptions to exclusivity applies. This is the general sense of the subsection 5(A) when read in its entirety.
¶17 In the case at hand, Penske Truck Leasing established (1) Mr. Odom worked for Penske Logistics at the time of his job-related injury, (2) Penske Logistics paid workers' compensation benefits to Mr. Odom, and (3) Penske Truck Leasing is a stockholder in Penske Logistics. By virtue of the express language in subsection 5(A), workers' compensation is Mr. Odom's exclusive remedy and Penske Truck Leasing, as a stockholder of Penske Logistics, is immune from civil suit to recover "other rights and remedies." Subsection 5(A) imposes no other burden or condition on Penske Truck Leasing to establish and to enforce its immunity. This is the answer I would give to 10th Circuit's certified question.

This provision was carried over to section 5, but was subsequently found to be unconstitutional in Strickland v. Stephens Production Company , 2018 OK 6, 411 P.3d 369.