Raymond M. **WILLHITE**, Appellant,

v.

Willie M. **WILLHITE**, Appellee.

No. 48901.

Supreme Court of Oklahoma.

Feb. 17, 1976.

Milton Keen and Larry A. Lewis, Oklahoma City, for appellant.

Rand R. Guffey, Fellers, Snider, Blankenship & Bailey, Oklahoma City, for appellee.

DOOLIN, Justice.

On January 10, 1973, appellant husband obtained a decree of divorce from his wife (appellee) in Harris County, Texas. The decree gave custody of the couple's two minor children to appellee and provided that appellant was to pay $300.00 per month child support. After making payments totalling $450.00, appellant made no further payment.

Appellant being now a resident of Oklahoma County, on June 3, 1975, appellee caused to be recorded there the divorce decree under the authority and procedure of the Uniform *Enforcement* of Foreign Judgment Act 12 O.S.1971 § 719 et seq., proper notice being given to appellant. On August 22, 1975, the trial court entered judgment pursuant to said decree, reducing the arrearages in child support to $7,350.00 plus interest, costs and attorney's fees for a total of $8,554.50.

Appellant is employed by the Federal Aviation Administration at a salary of around $24,000.00 per year. Appellee's garnishment of appellant's wages in satisfaction of the judgment is under attack in this appeal. The controlling issues to be decided are the validity and effectiveness of the garnishment affidavits and summons.

■ Although appellant submits the trial court was without jurisdiction to enforce the provisions of the Texas decree because 12 O.S.1971 § 710, a portion of the Uniform Foreign *Money* Judgments Recognition Act, specifically precludes recognition of a "judgment for support in matrimonial or family matters,"[1] we find this to be totally without merit. The Uniform Foreign Money Judgments Recognition Act applies only to judgments of a foreign state as defined in the section of the act noted. The judgment was correctly recorded pursuant to the Uniform *Enforcement* of Foreign Judgments Act which is the act pertaining to judgments of sister states.[2]

■ Appellant calls our attention to two faults in the garnishment affidavits and summons. Two of the affidavits did not contain the jurat of the court clerk and in two of the summons the attorney had deleted the restrictions as to the amount of wages to be withheld.

Periodic garnishment affidavits and summonses were issued in an effort to enforce the judgment, some proper and some improper. The F.A.A. withheld 25% of appellant's semi-monthly paycheck in accordance with each court order issued pursuant to garnishee's answer. Three separate petitions in error have been filed at intervals, alleging error of the trial court in overruling appellant's motions to Quash Garnishment and Forfeit the Entire Judgment.

Two of appellee's garnishment affidavits were not signed and sealed by the court clerk upon filing. Appellant contends this makes the affidavits null and void.

■ The first affidavit, faulty by reason of failure to sign and seal, was issued August 26, 1975 and was not challenged by appellant in his first motion to quash garnishment, thus any objection to its form may be considered waived.

A fully executed affidavit was filed by appellee on September 9, 1975. The garnishee, for some reason unknown to this court, did not answer the summons issued in conjunction with this affidavit. Thus at the time the second faulty affidavit was filed on October 22, 1975, there was already on file a properly executed affidavit otherwise identical to the faulty one. On November 17, 1975, appellant filed his second motion to quash garnishment, based in part on the two defective affidavits. This was overruled by trial court on November 21, 1975. It is from this order that the final appeal is made.

Appellant had the opportunity under 12 O.S.1971 § 1181[3] to contest the garnishment and defend the proceedings on the grounds of an insufficient affidavit at any time before the final order against the garnishee. The faulty affidavit and summons were issued on October 22, 1975 and pursuant to the garnishee's answer the court ordered the money withheld to be paid into court on November 5, 1975. Appellant had

1. 12 O.S.1971 § 710:
   "Foreign money-judgments—Definitions. —As used in this act, (1) "foreign state" means any governmental unit other than the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands; (2) "foreign judgment" means any judgment of a foreign state granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty, or a judgment for support in matrimonial or family matters."

2. 12 O.S.1971 § 720:
   "Definition.—In this act 'foreign judgment' means any judgment, decree, or order

of a court of the United States or of any other court which is entitled to full faith and credit in this state."

3. 12 O.S.1971 § 1181: "At any time *before final order* or judgment against the garnishee, the defendant may in all cases, by answer duly verified defend the proceedings against any garnishee, upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant, or *for any other reason is not liable to garnishment; or upon any ground upon which a garnishee might defend the same;* and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests." (Emphasis supplied).

not answered alleging the defective affidavit prior to the issuance of this order.

This Court has not spoken on the question of a lack of a jurat on a garnishment affidavit. However, our Court of Criminal Appeals has held the jurat is simply evidence of the fact that the affidavit was sworn to by the affiant and in the event of its omission the fact the affidavit was properly sworn to may be proven by other evidence. *Blair v. State,* 55 Okl.Cr. 280, 29 P.2d 998 (1933); *Farrow v. State,* 71 Okl. Cr. 397, 112 P.2d 186 (1941); *Cole v. State,* 92 Okl.Cr. 316, 223 P.2d 155 (1950). Kansas, from whom our original garnishment statutes came, has held where the only defect in an attachment proceedings was that the affidavit for attachment did not bear a jurat, such lack of a jurat would not invalidate the affidavit. The important consideration was whether it was actually sworn to before a proper officer. The proceeding ought not to fail because of the clerk's neglect to affix a jurat. If the declaration has in fact been made under oath, it is an affidavit although no jurat be attached. *James v. Logan,* 82 Kan. 285, 108 P. 81 (1910). In a later Kansas case, *American Home Life Insurance Company v. Heide,* 199 Kan. 652, 433 P.2d 454 (1967), an affidavit for service by publication was signed by one of the attorneys but did not contain the jurat of a notary public. The Court held that when a paper purporting to be an affidavit is the basis of judicial action as if it were authenticated, the omission of the jurat is a mere irregularity which does not vitiate the subsequent proceeding based on the affidavit.

Appellee alleges that she signed the affidavits before the Court Clerk and asked him to execute them before filing. The clerk, through inadvertence, failed to affix his seal and signature to the affidavits, but did file them of record. Appellant does not dispute this fact and it appears that on hearing the trial court took evidence of such before overruling appellant's motion to quash, for appellant does not contest this fact by his brief or pleadings. "In the absence of a transcript of the evidence we assume that the judgment of the trial court is sustained by the evidence." *Nicholson v. McGuire,* 434 P.2d 887 (Okl.1967).

Garnishment after judgment is an equitable execution and equitable principals should apply. *Moral Insurance Company v. Steves,* 208 Okl. 529, 257 P.2d 836 (1953); *Davidson v. Finely,* 96 Okl. 291, 222 P. 678 (1924). Substantial rather than strict compliance with statutes is required. *La Bellman v. Gleason & Sanders Inc.,* 418 P.2d 949 (Okl.1966), *Johnson v. Farmers Alliance Mutual Insurance Company,* 499 P.2d 1387 (Okl.1972). There is no question here but what all other procedural prerequisites such as notice and service were followed by appellee.

Appellant's second point of error is directed toward the garnishment summons. He claims the entire judgment should be forfeited under the authority of 31 O.S. 1971 § 4[4] because in two of appellee's garnishee summons her attorney deleted the portion of the summons excluding 75% of appellant's current earnings from garnishment and demanded 100% of his wages.

The garnishment was directed to the Federal Aviation Administration, appel-

4. 31 O.S.1971 § 4: "The following property shall be reserved to persons who are not heads of a family, exempt from attachment, execution and every other species of forced sale, except for liens given by the owners:

*   *   *   *   *

Fifth. Seventy-five per cent of all current wages or earnings for personal or professional services. Provided, however, that no process issued in any court to subject such wages or earnings for personal services to satisfy any judgment or obligation, shall ever include

more than twenty-five per cent of such wages, or personal earnings and *any person,* firm, association or corporation either personally or by agent or *attorney violating any provision of this act shall forfeit the entire debt, judgment or obligation sought to be satisfied,* and no court in the State of Oklahoma shall ever have jurisdiction to enforce collection of any such claim, judgment or obligation in any case in which the provisions of this act have been violated." (Emphasis supplied).

**616**

lant's employer. In accordance with 42 U. S.C.A. 659 [5] effective January 1, 1975, the United States Government consents to subject itself to legal process brought for the enforcement of obligations to provide child support or alimony.

Appellee claims that by virtue of this statute and 15 U.S.C.A. 1673(b) [6] the Federal Government has pre-empted the law and lifted the restrictions on garnishment of more than 25% of an employee's wages when the support of a person is involved.

This argument is without merit. 15 U.S.C.A. 1677 provides that:

"This subchapter does not annul, alter or affect, or exempt person from complying with, the laws of any state:

(1) prohibiting garnishment or providing for more limited garnishments than are allowed under this subchapter

(2) * * *

As between this subchapter and state law —whichever is more restrictive and results in smaller garnishment is the one which must be applied in any given situation. *First National Bank of Denver v. Columbia Credit Corporation,* 499 P.2d 1163 (Colo.1972).

Oklahoma, by virtue of 31 O.S.1971 §§ 1 & 4, does not permit garnishment of more than 25% of an employee's wages. There is no exception made for child support. Thus Oklahoma law is more restrictive than the governing federal law and must be followed. Therefore, we hold garnishment of more than 25% of appellant's wages is not permitted.

The forfeiture provision of present 31 O.S.1971 § 4 adopted in 1915, although declared unconstitutional in *Gilmer v. Hunt,* 167 Okl. 175, 29 P.2d 59 (1934) because of a defective title, was re-enacted by the Legislature in 1943 and as such is in effect at this time. See *Atlas Life Insurance Company v. Rose,* 196 Okl. 592, 166 P.2d 1011 (1946).

Appellee in good faith, believing she was within the law because of federal statutes twice attempted to garnish more than the permitted 25% of appellant's wages. The garnishee ignored the deletion and withheld only the allowed 25%. Appellant was in no way harmed.

The law abhors a forfeiture and statutes authorizing such a forfeiture must be strictly construed. *Pirkey v. State,* 327 P.2d 463 (Okl.1953). The true party in interest is the minor child and a child should not be deprived of its natural and legal right to support by its father because of an abortive attempt to provide

---

5. 42 U.S.C.A. 659: *"Notwithstanding any other provision of law, effective January 1, 1975,* moneys (the entitlement to which is based on remuneration for employment) due from, or payable by, the *United States* (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, *shall be subject,* in like manner and to the same extent as if the United States were a private person, *to legal process* brought for the enforcement against such individual of his legal obligations to provide *child support* or make alimony payments." (Emphasis supplied).

6. 15 U.S.C.A. 1673: "Restriction or garnishment—Maximum allowable garnishment:
(a) Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,
whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

*Exceptions*
(b) The restrictions of subsection (a) of this section do not apply in the case of
(1) any order of any court for the support of any person.
(2) any order of any court of bankruptcy under chapter XIII of the Bankruptcy Act.
(3) any debt due for any State or Federal tax.
*Execution or enforcement of garnishment order or process prohibited*
(c) No court of the United States or any State may make, execute, or enforce any order or process in violation of this section."

such support. A child is an innocent pawn; he is not a party to the divorce proceedings and cannot be denied his rights to support by any proceedings in Garnishment. See *State v. McMains*, 95 Okl.Cr. 176, 241 P.2d 976 (1952), which holds regardless of the provision contained in a divorce decree, a parent may be prosecuted for failure to support. It would be against the public policy of this state to deprive a child of his support because of an error that harmed no one.

We, therefore, conclude that the forfeiture provisions of 31 O.S.1971 § 4 would not apply under the facts and circumstances of this case.

Turning to appellee's application for attorney's fees and costs, we are of the opinion that 12 O.S.1971 § 1276 does provide for payment of attorney's fees but that it is limited in its application to issues in the divorce or separate maintenance actions and not applicable to attachment and garnishment proceedings. We likewise deny appellee's application for attorney's fees under the attachment and garnishment provisions of 12 O.S.1971 § 1171 et seq.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BARNES and SIMMS, JJ., concur.