**Bernita C. EVANS, Plaintiff,**

v.

**Harold Herman EVANS, Defendant,**

**and**

**The United States of America ex rel Air Force Accounting and Finance Center, Garnishee.**

**No. CIV–75–0878–T.**

United States District Court, W. D. Oklahoma.

April 27, 1976.

Jack D. McCarty and Thomas M. Rigdon, of Ross, McCarty & Rigdon, Newkirk, Okl., for plaintiff.

John E. Green, Acting U. S. Atty., Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

RALPH G. THOMPSON, District Judge.

The parties herein have stipulated that this case may be submitted to the Court for a decision on the record before the Court and the applicable law.

In order to satisfy a judgment rendered on behalf of the plaintiff against the defendant, a non-resident, in the amount of $2,615.00, representing past-due child support, plaintiff commenced garnishment proceedings in the District Court of Kay County, Oklahoma. The United States of America ex rel Air Force Accounting and Finance Center (hereinafter referred to as United States) was named as garnishee pursuant to 42 U.S.C. § 659, which reads:

"Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

Plaintiff sought to garnish the defendant's retirement pay, defendant being a retired member of the United States Air Force. The United States removed this garnishment proceeding to this Court pursuant to 28 U.S.C. § 1441(a).

The United States then answered the garnishment summons praying for an order by the Court limiting the amount to be collected in this case to 25% of the defendant's disposable earnings in accordance with the laws of Oklahoma pertaining to garnishment. Plaintiff filed her notice of taking issue with this answer, asserting that all of the defendant's disposable earnings in the hands of the United States be subject to

garnishment. The issue has been briefed and is ready for a determination of this controversy.

■ The federal statutes dealing with garnishment (15 U.S.C. §§ 1671–1677) are not an attempt to create or establish garnishment proceedings but are meant only to pre-empt state laws which are less restrictive. The federal law is meant to place a maximum for garnishment of that which it defines as disposable earnings, but it does not preempt those state statutes dealing with garnishment that are more restrictive. *Hodgson v. Hamilton Municipal Court,* 349 F.Supp. 1125 (S.D.Ohio, 1972); and *Hodgson v. Cleveland Municipal Court,* 326 F.Supp. 419 (N.D.Ohio, 1971). Therefore, in the case at bar, the Court must look to Oklahoma law regarding garnishment if it is more restrictive.

■ The Court first finds that the retirement pay of defendant which is the subject of this garnishment proceeding, is "disposable earnings" as that term is defined in 15 U.S.C. § 1672(a) and (b). Inasmuch as this source of income is current earnings, garnishment of same is subject to allowable exemptions. Federal law also provides that the maximum amount of the defendant's retirement pay which may be withheld by the United States may not exceed 25% of the disposable earnings for a week or the amount by which his disposable earnings for that week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are payable, whichever is less. 15 U.S.C. § 1673(a).

The Court is aware of the exception to the preceding provision which is found in 15 U.S.C. § 1673(b), as follows:

\* \* \* \* \* \*

"(b) The restrictions of subsection (a) of this section do not apply in the case of

(1) any order of any court for the support of any person."

However, the Court is also cognizant of 15 U.S.C. § 1677 which reads in part:

"This subchapter does not annul, alter, or affect, or exempt any person from complying with, the laws of any State

(1) prohibiting garnishments or providing for more limited garnishments then are allowed under this subchapter, or . . ."

The Oklahoma Supreme Court in *Willhite v. Willhite,* 546 P.2d 612 (Okl.1976), held that:

"Oklahoma, by virtue of 31 O.S.1971, §§ 1 & 4, does not permit garnishment of more than 25% of an employee's wages. There is no exception made for child support. Thus Oklahoma law is more restrictive than the governing federal law and must be followed. Therefore, we hold garnishment of more than 25% of appellant's wages is not permitted."

■ It is apparent that Title 31 which is entitled "Homestead and Exemptions" does not apply to non-residents, and therefore *Willhite,* supra, is not directly in point. However, the garnishment statutes found in 12 O.S.1971, § 1171 et seq., provide for a 75% exemption of current earnings, without regard to whether or not the debt is for delinquent child support or whether or not the defendant is a resident or non-resident. 12 O.S.1971, § 1173. Therefore, Oklahoma law regarding garnishment of the earnings of a non-resident for delinquent child support is more restrictive than the applicable federal law, and thus, applying Oklahoma law, the plaintiff herein is not entitled to 100% of the defendant's earnings being held by the United States.

Accordingly, judgment should be entered herein to the effect that the United States is to withhold an amount of the defendant's retirement pay not to exceed 25% of his disposable earnings for a week, and that the United States should pay the amount so withheld into the Registry of the Court and the Clerk of the Court should be ordered to pay the same to the plaintiff.