1 A.3d 718 (2010)
415 N.J. Super. 130
BIG M, INC., t/a Annie Sez, Plaintiff-Respondent,
v.
TEXAS ROADHOUSE HOLDING, LLC, Defendant-Appellant.
Docket No. A-3088-08T1
Superior Court of New Jersey, Appellate Division.
Submitted December 2, 2009.
Decided July 16, 2010.
*719 Fisher & Phillips LLP, attorneys for appellant (Jason A. Storipan, Murray Hill, of counsel and on the briefs).
Craner, Satkin, Scheer & Schwartz, P.C., attorneys for respondent (John A. Craner, Scotch Plains, of counsel and on the brief).
Before Judges CUFF, PAYNE and WAUGH.
The opinion of the court was delivered by
CUFF, P.J.A.D.
Plaintiff Big M, Inc., t/a Annie Sez, the holder of a judgment against Tiffany Kraus in the amount of $672.22, obtained an order to garnish her wages. At the time, Kraus was employed as a waitress by defendant Texas Roadhouse Holding, LLC. When defendant remitted a single payment of $4.21, plaintiff filed a complaint against defendant seeking the balance due on the judgment. Defendant appeals from a judgment entered against it in the amount of $668.01 plus costs and attorneys' fees allowed by statute. We reverse because the judgment is premised on the erroneous holding that tips and gratuities are always subject to garnishment. We remand for further proceedings to develop a factual record to determine whether the tips and gratuities earned by the employee are wages and subject to garnishment.
In its answer and at trial, defendant asserted that it remitted the amount of money allowed by statute. It further asserted that tips and gratuities provided to employees, such as Kraus, were not wages and not subject to garnishment. At trial, Joseph Russo, the managing partner of the restaurant where Kraus was employed, stated[1] that Kraus was paid $2.13 an hour and also received tips and gratuities. The restaurant does not pool tips. Tips placed on credit cards are paid immediately to waiters and waitresses, and tips charged on credit cards and immediately paid to employees are not subject to garnishment pursuant to federal law. In response to a *720 question posed by the trial judge, Russo stated that the employee's W-2 wages included tips and gratuities but reiterated that "bona fide tips are not considered garnishable by law."
The trial judge distinguished tips left on a table in cash from tips charged to a credit card. Stating that he knew of no case that held that tips placed on credit cards are not subject to garnishment, the judge entered a judgment for $668.01 plus costs and statutory attorneys' fees.
We review a legal ruling by the trial judge. Our scope of review is de novo. In re Liquidation of Integrity Ins. Co., 193 N.J. 86, 94, 935 A.2d 1184 (2007). We owe no deference to the trial judge's legal ruling. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995).
N.J.S.A. 2A:17-50 subjects "wages, debts, earnings, salary, income from trust funds, or profits of the judgment debtor" to garnishment. Although we have located no case law in this state that addresses the issue of whether tips and gratuities are subject to garnishment, and the legislative history offers little insight, commentators have observed that the execution statutes in this state generally apply when monies due to the judgment debtor are "in the hands of a third-party garnishee" such as a judgment debtor's employer. Pressler, Current N.J. Court Rules, comment 1.6 on R. 4:59-1(a) (2010); see also 3-31 Theodore Eisenberg, Debtor-Creditor Law § 31.11 (Matthew Bender & Co. eds., 2009) (noting New Jersey "authorize[s] execution against a judgment debtor's property in the possession or control of a third person").
Federal law, however, provides significantly more guidance on this issue. Congress has enacted statutes that regulate the collection of debts. Title III of the Consumer Credit Protection Act (CCPA), 15 U.S.C.A. §§ 1671 to 1677, was adopted to foster commerce and for uniformity of bankruptcy laws throughout the nation. See 15 U.S.C.A. § 1671. To that end, the CCPA pre-empts state garnishment laws that allow a greater proportion of wages to be subject to garnishment than that allowed by federal law. Hodgson v. Hamilton Mun. Ct., 349 F.Supp. 1125, 1131-33 (S.D.Ohio 1972). See also Eisenberg, supra, § 31.02; Pressler, supra, comment 4 on R. 4:59-1(d) ("Clearly ... state law cannot provide a greater garnishment than federal law permits."); Annotation, Validity, Construction, and Application of §§ 301-307 of Consumer Credit Protection Act (15 U.S.C.A. §§ 1671-1677) Placing Restrictions on Garnishment of Individual's Earnings, 14 A.L.R. Fed. 447 (1973). However, the CCPA "does not annul, alter, or affect, or exempt any person from complying with, the laws of any State prohibiting garnishments or providing for more limited garnishments" than allowed under federal law. 15 U.S.C.A. § 1677.
New Jersey's law permits execution when the amount of the judgment debtor's "wages, debts, earnings, salary, income from trust funds, or profits" equal or exceed forty-eight dollars per week. N.J.S.A. 2A:17-50. Yet under the CCPA, the maximum amount of the garnishment cannot exceed twenty-five percent of the judgment debtor's disposable income, or the amount by which the disposable earnings exceed thirty times the prevailing federal minimum wage, whichever is less. 15 U.S.C.A. § 1673. Therefore, "the federal restriction pre-empts New Jersey law to the extent the latter is inconsistent with the former." Eisenberg, supra, § 31.11.
The CCPA does not define tips or gratuities. It does define "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments *721 pursuant to a pension or retirement program." 15 U.S.C.A. § 1672(a). Enforcement of the CCPA has been assigned to the United States Department of Labor (DOL), 15 U.S.C.A. § 1676, and the DOL has published an opinion letter and Field Operations Handbook (DOL Handbook) that addresses the issue of whether tips are included in the computation of an employee's earnings for purposes of the CCPA.
DOL Opinion Letter WH-95 (Letter WH-95) dated December 9, 1970, provides that "tips are generally not considered within the meaning of the term `earnings.'" Letter WH-95 further explains this is so "because garnishment is inherently a procedural device to reach assets in the hands of the garnishee," and that "[t]ypically, tips are paid by a third person to an employee, and do not pass through the hands of the employer." Letter WH-95 further states "[t]here may be so-called tipping situations where customer payments would constitute `earnings' under the [CCPA] definition." For instance, if a restaurant customer is charged a certain percentage on a check and this amount is then paid to the employee, then "there is no gift by the customer, and there is compensation flowing from the [restaurant employer] to the [employee]."
A more recent directive in the DOL Handbook dated February 9, 2001, eliminates any doubt that a gratuity that is charged on a credit card and paid to an employee is not considered earnings. Chapter 16 of the DOL Handbook specifically describes the applicability of the CCPA to tips and gratuities. In doing so, it notes the application "is similar to the treatment of their ownership under the [Fair Labor Standards Act, 29 U.S.C.A. §§ 201 to 219]." The DOL Handbook provides:
(a) Bona fide tips are not subject to the provisions of the CCPA. A garnishment is inherently a procedural device designed to reach and sequester earnings held by the garnishee (usually the employer). Tips paid directly to an employee by a customer are not "earnings" within the meaning of [15 U.S.C.A. § 1672] of the CCPA, since they do not pass to the employer. This includes gratuities transferred free and clear to an employee at the direction of credit customers who add tips to the bill.

(b) Service charges added to a customer's bill constitute "earnings" within the meaning of [15 U.S.C.A. § 1672] when passed on to the employee. As such, they are subject to the provisions of the CCPA. The following examples demonstrate the point.
(1) A restaurant charges a customer 15% of the check, as a service charge, and in turn pays this amount to the server (debtor). Since this is an automatic charge, there is no gratuity by the customer. The compensation passed from the employer (garnishee) to the server.
(2) The employment agreement is such that the customer's tips belong to the employer and must be credited or turned over to the employer.
[Emphasis supplied.]
In addition, a Fact Sheet disseminated by the DOL in July 2009 reiterates that "[t]ips are generally not considered earnings for the purposes of the wage garnishment law." Wage & Hour Div., U.S. Dep't of Labor, Fact Sheet # 30: The Federal Wage Garnishment Law, Consumer Credit Protection Act's Title 3 (CCPA) (2009), available at http://www.dol.gov/whd/regs/compliance/whdfs30.htm.
Admittedly, the DOL Handbook and Letter WH-95 are not regulations that enjoy the force of law. Christensen v. Harris County, 529 U.S. 576, 587, 120 S.Ct. 1655, 1662-63, 146 L.Ed.2d 621, 631-32 *722 (2000). We do, however, owe limited deference to the interpretation afforded by a federal administrative agency to the statute it enforces and the program it administers. In Estate of F.K. v. Division of Medical Assistance & Health Services, 374 N.J.Super. 126, 141-42, 863 A.2d 1065 (App.Div.), certif. denied, 184 N.J. 209, 876 A.2d 283 (2005), we explained:
A federal administrative agency's interpretation [of a federal statute] warrants some deference when expressed less formally than a regulation, as long as that agency has a delegated authority to administer the statute and the views are made in pursuance of official duty, based upon more specialized experience and broader investigations and information than is likely to come before a judge. Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124, 129 (1944). The weight of such a judgment in a particular case depends on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it the power to persuade, if lacking power to control." Ibid. Thus, if an agency has been granted administrative authority for a statute, its interpretation, despite arising in an informal context, will be given deference as long as it is consistent with prior agency pronouncements and is consistent with the plain language and purposes of the enabling legislation. Cleary v. Waldman, 167 F.3d 801, 808 (3d Cir.), cert. denied, 528 U.S. 870, 120 S.Ct. 170, 145 L.Ed.2d 144 (1999).
We, therefore, afford Letter WH-95 and the DOL Handbook "respectful consideration and deference." Id. at 142, 863 A.2d 1065.
Notably, the DOL Handbook directly excludes from garnishment both tips paid directly to an employee by a customer and tips charged to credit cards that briefly pass through the employer before remittance to the employee. Thus, the practice utilized by defendant in which it remits tips charged on credit cards directly to the employee at the end of a work shift insulates these tips from a wage garnishment.
Plaintiff does not address either the DOL interpretations or acknowledge the deference which we must accord to those interpretations. Rather, plaintiff focuses on the treatment of tips for federal and state income tax purposes. The judge also seemed to place emphasis on the debtor-employee's 2008 W-2 form which reported $15,929.35 in wages. Tips are considered taxable income under federal and state law. 26 U.S.C.A. § 61; N.J.S.A. 54A:5-1. The Internal Revenue Service and the New Jersey Division of Taxation have provided specific instructions to employers and employees about the treatment of tips. I.R.S. Treas. Publ'n No. 531, Reporting Tip Income (2009), available at http:// www.irs.gov/pub/irs-pdf/p531.pdf; Div. of Tax., State of N.J. Dep't of Treas., New Jersey Gross Income Tax Instruction Booklet (2010), available at http://www. state.nj.us/treasury/taxation/pdf/other_forms/git-er/njwt.pdf. Both agencies instruct employees who receive tips to record and report their tip income to their employers, who, in turn, are required to report the tips received as income and to collect and remit appropriate taxes, such as income tax, Social Security tax, and the Medicaid tax. I.R.S. Treas. Publ'n No. 15, (Circular E), Employer's Tax Guide 13-14 (2010), available at http://www.irs.gov/pub/irs-pdf/p15.pdf. The fact that tip income is taxable income, however, does not control whether the tips received by the employee are subject to a wage garnishment. In fact, the instructions issued by the federal and state tax collection agencies recognize that tips may be remitted to employees in various fashions, including cash left on a table; that employers may construct various procedures for remitting tips to employees; *723 and that an employer may have no information on the full extent of an employee's earnings. Therefore, the employee is obliged to record and report to the employer the amount of tips received, and the employer makes the appropriate deductions, remits the withheld taxes to the taxing authorities, and issues an annual W-2 Form to the employee. This process, however, does not necessarily permit the employer to exercise the type of control of tip income to allow it to be subject to a wage garnishment order.
In summary, we hold that whether tip income is subject to a wage garnishment order depends on the control exercised by the employer over tips and gratuities left by customers. If tip income is paid in cash to an employee or charged on a credit card and immediately remitted to an employee, the tips are not considered earnings subject to a wage garnishment order. If the employer remits tips and gratuities in a manner that demonstrates control by the employer of an employee's entire compensation, such as a system in which tips are pooled and distributed in accordance with a formula to all service staff, or recorded and remitted on a periodic basis, cash tips and gratuities may be considered earnings and subject to wage garnishment.
Here, the record contains information that suggests that the tips earned by the debtor-employee are not earnings subject to garnishment. As noted, however, defendant's manager was never sworn. The matter must be remanded to permit the development of an appropriate factual record to allow the trial judge to apply the law as set forth in this opinion.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Russo is not an attorney and was never sworn. We, therefore, refrain from describing his statements as testimony.