IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 30, 2012 Session

**ERLANGER MEDICAL CENTER v. ANGELA STRONG A/K/A
GRANGER, SHONEY'S NORTH GEORGIA, LLC, GARNISHEE**

**Appeal from the Circuit Court for Hamilton County**
**No. 10C1499      Jeffrey Hollingsworth, Judge**

_____

**No. E2011-01376-COA-R3-CV-FILED-MARCH 26, 2012**

_____

This appeal concerns a garnishment action. Erlanger Medical Center ("Erlanger") obtained a judgment against Angela Strong ("Strong"), an employee, by the time of trial, of Shoney's North Georgia, LLC ("the Garnishee"). Erlanger sought to garnish Strong's wages. Erlanger argued that Strong's tips should be included in the calculation of her disposable earnings for the purposes of garnishment. The Garnishee disagreed, arguing, among other things, that federal law and labor policy stood for the proposition that tips were not to be included as wages for garnishment purposes. The Circuit Court for Hamilton County ("the Trial Court") held that tips were, in fact, to be treated as wages subject to the calculation for garnishment purposes. The Garnishee appeals. We hold that tips are not to be included in the calculation of disposable wages for the purposes of garnishment. We reverse the Trial Court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Christopher D. Markel and Adam S. Major, Chattanooga, Tennessee, for the appellant, Shoney's North Georgia, LLC.

Gary E. Lester, Chattanooga, Tennessee, for the appellee, Erlanger Medical Center.

# OPINION

## Background

The facts of this case are undisputed. The parties submitted a Stipulation of Material Facts in the Trial Court which states:

Come now the parties, by and through counsel, and submit the following Stipulation of Material Facts for purposes of trial in the above-captioned matter:

1. On November 16, 2009, Plaintiff obtained a judgment in the amount of $537.33, plus court costs and interest, from the General Sessions Court of Hamilton County against Angela Strong a/k/a [Angela] Granger (hereinafter referred to as "Ms. Strong") under the action styled <u>Erlanger Medical Center v. Angela Strong a/k/a Granger</u>, Case Number 09GS13117.

2. Plaintiff obtained a Writ of Garnishment issued by the Hamilton County General Sessions Court on or about August 12, 2010 for execution upon the Garnishee.

3. The Garnishee is the employer of Angela Strong a/k/a Angela Granger, who works as a waitress at Garnishee's restaurant located in Chattanooga, Tennessee.

4. A dispute has arisen between Plaintiff and the Garnishee as to whether tips received by Defendant while employed by the Garnishee should be included with "wages" earned by Defendant for the purpose of calculating disposable income for garnishments.

5. The Garnishee takes a "tip credit" against its minimum wage obligation pursuant to 29 U.S.C. § 203(m) which is currently in the amount of $5.12 per hour which when added to the cash wages paid to Defendant in the amount of $2.13 equals the minimum wage of $7.25 per hour.

6. The Garnishee withholds both Federal Withholding and FICA Taxes based upon the total of all reported tip income and wages of Defendant from wages (exclusive of tips)

(internal citations omitted).

After a trial, the Trial Court entered its Memorandum Order holding that tips should, in fact, be included in the calculation of disposable earnings. The Trial Court stated in its order:

Plaintiff, Erlanger Medical Center ("Erlanger") obtained a judgment against Angela Strong. Ms. Strong works as a waitress for Shoney's North Georgia, LLC ("Shoney's"). Erlanger served Shoney's with a Writ of Garnishment in the collection of its judgment. Shoney's, as the Garnishee, contends that the tips paid to Ms. Strong by her customers should not be included in determining her "earnings" and "disposable earnings" under the garnishment statute. See T.C.A. § 26-2-102. Shoney's argument is that the tips, which are paid directly to Ms. Strong by her customers, never come under the control of Shoney's and, therefore, cannot be considered in determining the amount Shoney's should pay in compliance with the garnishment.

Erlanger argues that, even though the tips never come under the control of Shoney's, that money should still be used in calculating the earnings and disposable earnings subject to garnishment and the 25% limit imposed by T.C.A. § 26-2-106.

T.C.A. § 26-2-102(1) defines "earnings" as:

". . .the compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise. . ."

T.C.A. § 26-2-102(2) defines "disposable earnings" as:

". . .that part of the earnings of an individual remaining after the deduction from those earnings of any amounts required by law to be withheld;"

T.C.A. § 26-2-106 states that no more than twenty-five percent (25%) of disposable earnings may be withheld for garnishment.

The tips collected by Ms. Strong clearly fall within the definition of earnings and disposable earnings. Shoney's relies upon the Federal Wage Garnishment Law, in which the definition of these terms is identical. Shoney's specifically relies on a section of the federal law Field Operation Handbook, which states that tips are not to be included in calculating earnings and

disposable earnings. The handbook does not carry the force of law and is contrary to the plain language of the statute. The fact that the tips are never in control of the garnishee is relevant to the question of whether the garnishee should be required to pay more than what is under its control. It is certainly not the intent of the law that the garnishee, in this case, Shoney's, spend its own money in payment of the debt of its employee. However, that is not Erlanger's argument nor is it the holding of this Court.

This Court holds that, in this case, Shoney's, in calculating Ms. Strong's earnings and disposable earnings for purposes of garnishment, will use the amount of the tips collected by Ms. Strong from her customers. Then, Shoney's must pay twenty-five percent (25%) of Ms. Strong's disposable income in compliance with the garnishment.

Therefore, it is Ordered that the amount to be garnished from Ms. Strong's pay will be calculated by including her tips in the determination of her earnings and disposable earnings.

In July 2011, the Trial Court entered an order awarding a judgment of $473.21 against the Garnishee in favor of Erlanger. The Garnishee appeals.

### Discussion

Though not stated exactly as such, the Garnishee raises one issue on appeal: whether the Trial Court erred in holding that tips reported by the Garnishee's employees are to be included in the calculation of disposable earnings for the purposes of garnishment.

The sole issue on appeal being a legal one, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001).

We begin by reviewing Tennessee law with respect to garnishment. Tenn. Code Ann. § 26-2-102 provides:

As used in this part unless the context otherwise requires:

(1) "Earnings" means the compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program;

-4-

(2) "Disposable earnings" means that part of the earnings of an individual remaining after the deduction from those earnings of any amounts required by law to be withheld; and

(3) "Garnishment" means any legal or equitable procedure through which the earnings of an individual are required to be withheld for payment of any debt.

Tenn. Code Ann. § 26-2-102 (2000). *See also* 15 U.S.C.A. § 1672.

Regarding the proportion of disposable earnings that are exempt from garnishment, Tenn. Code Ann. § 26-2-106 provides:

(a) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed:

(1) Twenty-five percent (25%) of the disposable earnings for that week; or

(2) The amount by which the disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage at the time the earnings for any pay period become due and payable, whichever is less.

(b) In the case of earnings for any pay period other than a week, an equivalent amount shall be in effect.

(c) The debtor shall pay the costs of any and all garnishments on each debt on which suit is brought.

Tenn. Code Ann. § 26-2-106 (Supp. 2011). *See also* 15 U.S.C.A. § 1673.

The U.S. Department of Labor Field Operations Handbook, dated February 9, 2001, which interprets the Federal Consumer Credit Protection Act, states with regard to tips and garnishment:

(a) Bona fide tips are not subject to the provisions of the CCPA. A garnishment is inherently a procedural device designed to reach and sequester earnings held by the garnishee (usually the employer). Tips paid directly to an employee by a customer are not "earnings" within the meaning of sec 302 of the CCPA, since they do not pass to the employer. This includes gratuities transferred free and clear to an employee at the direction of credit customers who add tips to the bill.

(b)     Service charges added to a customer's bill constitute "earnings" within the meaning of sec 302 when passed on to the employee. As such, they are subject to the provisions of the CCPA. The following examples demonstrate the point:

   (1)     A restaurant charges a customer 15% of the check, as a service charge, and in turn pays this amount to the server (debtor). Since this is an automatic charge, there is no gratuity by the customer. The compensation passed from the employer (garnishee) to the server.

   (2)     The employment agreement is such that the customer's tips belong to the employer and must be credited or turned over to the employer.

Additionally, the U.S. Department of Labor Fact Sheet #30, revised July 2009, states: "Tips are generally not considered earnings for the purposes of the wage garnishment law."

Initially, we observe that there is a dearth of authorities in Tennessee law that address the issue on appeal. Regarding the statutory definitions of earnings, Tennessee and Federal law are essentially identical. Neither Tennessee nor Federal law explicitly include tips in their definitions of earnings in the context of garnishment.

The Garnishee points to a case from New Jersey with similar facts to this case. Regarding deference to federal administrative agencies, and examining the same U.S. Department of Labor Handbook language that was presented to the Trial Court in this case, the Superior Court of New Jersey, Appellate Division, stated:

> Admittedly, the DOL Handbook and Letter WH-95 are not regulations that enjoy the force of law. *Christensen v. Harris County*, 529 U.S. 576, 587, 120 *S.Ct.* 1655, 1662-63, 146 *L.Ed.*2d 621, 631-32 (2000). We do, however, owe limited deference to the interpretation afforded by a federal administrative agency to the statute it enforces and the program it administers. In *Estate of F.K. v. Division of Medical Assistance & Health Services*, 374 *N.J.Super.* 126, 141-42, 863 A.2d 1065 (App. Div.), *certif. denied*, 184 N.J. 209, 876 A.2d 283 (2005), we explained:
>
> > A federal administrative agency's interpretation [of a federal statute] warrants some deference when expressed less formally than a regulation, as long as that agency has a

delegated authority to administer the statute and the views are made in pursuance of official duty, based upon more specialized experience and broader investigations and information than is likely to come before a judge. *Skidmore v. Swift & Co.*, 323 *U.S.* 134, 140, 65 *S.Ct.* 161, 164, 89 *L.Ed.* 124, 129 (1944). The weight of such a judgment in a particular case depends on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it the power to persuade, if lacking power to control." *Ibid.* Thus, if an agency has been granted administrative authority for a statute, its interpretation, despite arising in an informal context, will be given deference as long as it is consistent with prior agency pronouncements and is consistent with the plain language and purposes of the enabling legislation. *Cleary v. Waldman*, 167 *F*.3d 801, 808 (3d Cir.), *cert. denied*, 528 U.S. 870, 120 *S.Ct.* 170, 145 *L.Ed.*2d 144 (1999).

We, therefore, afford Letter WH-95 and the DOL Handbook "respectful consideration and deference." *Id.* at 142, 863 A.2d 1065.

Notably, the DOL Handbook directly excludes from garnishment both tips paid directly to an employee by a customer and tips charged to credit cards that briefly pass through the employer before remittance to the employee. Thus, the practice utilized by defendant in which it remits tips charged on credit cards directly to the employee at the end of a work shift insulates these tips from a wage garnishment.

*Big M, Inc. v. Texas Roadhouse Holding, LLC*, 415 N.J. Super. 130, 136-37 (App. Div. 2010).

We find the New Jersey court's analysis of deference to federal administrative agencies to be persuasive.[1] The Handbook makes it clear that tips, subject to certain exceptions which are irrelevant in this appeal, are not earnings for purposes of garnishment

---

[1]Erlanger points to the cases of *United Guar. Residential Ins. Co. v. Dimmick*, 916 P.2d 638 (Colo. App. 1996) and *Shanks v. Lowe*, 364 Md. 538 (Md. 2001) which conclude that tips are to be included in the definition of earnings in the context of garnishment. However, the Colorado opinion was decided before the issuance of the February 2001 version of the U.S. Department of Labor Handbook cited in the instant case, and the Maryland opinion, released shortly after February 2001, does not address the Handbook.

as they do not pass to the employer. With its logical and adequately explained reasoning, we afford deference to this U.S. Department of Labor Handbook provision and its implications for this appeal. We hold that tips are not to be included in the calculation of disposable earnings for the purposes of garnishment. We reverse the judgment of the Trial Court.

## **Conclusion**

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellee, Erlanger Medical Center.

_____
D. MICHAEL SWINEY, JUDGE