OSCN Found Document:CAPITAL ONE BANK (USA) N.A. v. SULLIVAN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CAPITAL ONE BANK (USA) N.A. v. SULLIVAN
2015 OK CIV APP 25
Case Number: 111989
Decided: 02/19/2015
Mandate Issued: 03/23/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 25, __ P.3d __

 
CAPITAL ONE BANK (USA) N.A. S/I/I TO CAPITAL ONE BANK, Plaintiff/Appellee,
v.
JENNIFER SULLIVAN, Defendant,
McNELLIE'S, LLC, Garnishee/Appellant.
APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA
HONORABLE MILLIE OTEY, JUDGE
REVERSED AND REMANDED
Deborah A. Peterson, RAUSCH, STURM, ISREAL, ENERSON & HORNIK, Oklahoma City, Oklahoma, for Plaintiff/Appellee,
John M. Hickey, Stephanie T. Gentry, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, for Garnishee/Appellant.
Bay Mitchell, Presiding Judge:
¶1 Garnishee/Appellant McNellie's, LLC (McNellie's) seeks review of the trial court's order in favor of Plaintiff/Appellee Capital One Bank (USA) N.A. successor in interest to Capital One Bank (Capital One), holding that Defendant Jennifer Sullivan's (Sullivan) credit card tips are earnings subject to garnishment. Because the trial court erred as a matter of law, we reverse and remand.
¶2 Sullivan is employed as a server and bartender at McNellie's. Pursuant to 29 U.S.C.A. §203(m), McNellie's takes a "tip credit" and pays servers a special minimum wage of only $2.13 per hour. Sullivan's bi-weekly paychecks are typically less than $50.00. As is customary for wait staff, Sullivan also receives tips from customers, in cash and by credit card. McNellie's allows employees to keep all cash tips and remits to employees at the end of each shift the tips that were paid via credit card.
¶3 Capital One obtained a judgment against Sullivan in the amount of $2,268.93. In an effort to collect on the judgment, Capital One filed a Continuing Earnings Garnishment Affidavit and Summons seeking to garnish Sullivan's earnings from McNellie's. For several months, McNellie's filed bi-weekly answers to the garnishment, each time indicating Sullivan had no earnings subject to garnishment.[1]
¶4 In February 2013, McNellie's sought relief from the burden of filing an answer to the garnishment every two weeks, claiming that Sullivan's earnings would always be too low to be eligible for garnishment due to her special hourly wage. McNellie's noted that, although no published appellate opinion in Oklahoma addresses the issue of whether credit card tips are earnings subject to garnishment, credit card tips are not considered earnings under the federal Consumer Credit Protection Act (CCPA) (15 U.S.C.A. §1671 et seq.) and argued that the CCPA preempts state law where it is more restrictive. After a hearing, the trial court held that the credit card tips are earnings subject to garnishment and ordered McNellie's to recalculate Sullivan's earnings from its receipt of the garnishment summons forward. McNellie's appeals.
¶5 Ordinarily, "[i]n a garnishment proceeding, there is a presumption in favor of the trial court's finding and the judgment will be affirmed unless the findings are clearly against the weight of the evidence." Spears v. Preble, 1983 OK 8, ¶21, 661 P.2d 1337, 1342 (footnote omitted). However, the court's legal rulings in a garnishment proceeding "are reviewable de novo, independent of and without deference to the trial court." O'Neill v. Long, 2002 OK 63, ¶9, 54 P.3d 109, 112. Statutory construction likewise presents a question of law we review de novo. See Murray County v. Homesales, Inc., 2014 OK 52, ¶5, 330 P.3d 519, 523.
¶6 Both this state and the federal government have enacted statutes restricting garnishment of wages. See 12 O.S. §1170, et seq.; 14A O.S. §5-101, et seq.; and 15 U.S.C.A. §1671, et seq. When the two conflict, the law which is more restrictive and results in the smaller garnishment is controlling. See 15 U.S.C.A. §1677; Willhite v. Willhite, 1976 OK 17, ¶17, 546 P.2d 612, 616. Under Oklahoma law, "earnings" means "any form of payment to an individual including, but not limited to, salary, wages, commission, or other compensation[.]" 12 O.S. 2011 §1173.4(A). The CCPA similarly defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C.A. §1672(a).
¶7 No published appellate opinion in this state addresses whether credit card tips are considered earnings under §1173.4(A) or the CCPA. Federal law, however, is more instructive on this issue. Enforcement of the CCPA has been assigned to the United States Department of Labor (DOL). See 15 U.S.C.A. §1676. The DOL's Field Operations Handbook (DOL Handbook), dated February 9, 2001, provides in Chapter 16, Section 16a07:


(a) Bona fide tips are not subject to the provisions of the CCPA. A garnishment is inherently a procedural device designed to reach and sequester earnings held by the garnishee (usually the employer). Tips paid directly to an employee by a customer are not "earnings" within the meaning of [15 U.S.C.A. §1672] of the CCPA, since they do not pass to the employer. This includes gratuities transferred free and clear to an employee at the direction of credit customers who add tips to the bill.
(b) Service charges added to a customer's bill constitute "earnings" within the meaning of [15 U.S.C.A. §1672] when passed on to the employee. As such, they are subject to the provisions of the CCPA. The following examples demonstrate the point.


(1) A restaurant charges a customer 15% of the check, as a service charge, and in turn pays this amount to the server (debtor). Since this is an automatic charge, there is no gratuity by the customer. The compensation passed from the employer (garnishee) to the server. 
(2) The employment agreement is such that the customer's tips belong to the employer and must be credited or turned over to the employer.




(available at http://www.dol.gov/whd/FOH/FOH_Ch16.pdf) (emphasis added).
¶8 Although the DOL Handbook does not enjoy the force of law, "[s]tatutory construction by agencies charged with the law's enforcement is given persuasive effect[.]" Walker v. Group Health, 2001 OK 2, ¶29, 37 P.3d 749, 760. At least two other courts have given the DOL's interpretation "respectful consideration and deference." See Big M, Inc. v. Texas Roadhouse Holding, LLC, 415 N.J. Super. 130, 136, 1 A.3d 718, 722 (N.J. Super.A.D. 2010); see also Erlanger Med. Ctr. v. Strong, 382 S.W.3d 349, 353 (Tenn. Ct. App. 2012).
¶9 Capital One acknowledges the DOL Handbook but does not address the deference we must accord to its interpretation. Instead, Capital One argues that McNellie's mere processing of the credit card tips is an exercise of control sufficient to qualify those tips as earnings subject to garnishment. However, Capital One's position is in direct opposition to the DOL Handbook, and the authority cited by Capital One is not persuasive.
[2]
¶10 We give the DOL's interpretation deference and find the cases adopting its analysis to be persuasive. We hold that credit card tips paid directly by the employer to an employee at the end of a work shift are insulated from garnishment. The judgment of the trial court is reversed, and this cause is remanded to the trial court for any further proceedings necessitated hereby.
¶11 REVERSED AND REMANDED.
HETHERINGTON, C.J., and JOPLIN, J., concur.
FOOTNOTES
[1] Under both federal and state law, the maximum amount of an individual's disposable earnings subject to garnishment may not exceed (a) 25% of his disposable earnings for the week; or (b) the amount by which his weekly disposable earnings exceed $217.50 (30 times the federal minimum wage of $7.25), whichever is less. See 14A O.S. §5-105(2) and 15 U.S.C.A. §1673(a). 
[2] Shanks v. Lowe, 364 Md. 538, 774 A.2d 411 (Md. 2001), released shortly after the February 2001 version of the DOL Handbook, does not discuss the CCPA at all. Myers v. Copper Cellar Corp., 192 F.3d 546 (6th Cir. 1999), addresses whether an employer may deduct a fixed percentage from employees' credit card tips to recover the processing fee charged by the credit card company and is not pertinent to the issue in this case. 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 2, 37 P.3d 749, 72 OBJ 147, WALKER v. GROUP HEALTH SERVICES, INC.
Discussed
 2002 OK 63, 54 P.3d 109, O'NEILL v. LONG
Discussed
 1976 OK 17, 546 P.2d 612, WILLHITE v. WILLHITE
Discussed
 2014 OK 52, 330 P.3d 519, MURRAY COUNTY v. HOMESALES, INC.
Discussed
 1983 OK 8, 661 P.2d 1337, Spears v. Preble
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1170, Definitions
Cited
 12 O.S. 1173.4, Continuing Lien on Earnings - Definitions
Cited
Title 14A. Consumer Credit Code
 Cite
Name
Level

 14A O.S. 5-101, Short Title
Cited
 14A O.S. 5-105, Limitation on Garnishment
Cited