OSCN Found Document:CAPITAL ONE BANK (USA) N.A. v. SULLIVAN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CAPITAL ONE BANK (USA) N.A. v. SULLIVAN
2015 OK CIV APP 25
347 P.3d 307
Case Number: 111989
Decided: 02/19/2015
Mandate Issued: 03/23/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 25, 347 P.3d 307

 

CAPITAL ONE BANK (USA) N.A. S/I/I TO CAPITAL ONE BANK, 
Plaintiff/Appellee,
v.
JENNIFER SULLIVAN, Defendant,

McNELLIE'S, LLC, Garnishee/Appellant.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA
HONORABLE MILLIE OTEY, JUDGE

REVERSED AND REMANDED

Deborah A. Peterson, RAUSCH, STURM, ISREAL, ENERSON & HORNIK, Oklahoma 
City, Oklahoma, for Plaintiff/Appellee,
John M. Hickey, Stephanie T. Gentry, 
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, for 
Garnishee/Appellant.


Bay Mitchell, Presiding Judge:
¶1 Garnishee/Appellant McNellie's, LLC (McNellie's) seeks review of the trial 
court's order in favor of Plaintiff/Appellee Capital One Bank (USA) N.A. 
successor in interest to Capital One Bank (Capital One), holding that Defendant 
Jennifer Sullivan's (Sullivan) credit card tips are earnings subject to 
garnishment. Because the trial court erred as a matter of law, we reverse and 
remand.
¶2 Sullivan is employed as a server and bartender at McNellie's. Pursuant to 
29 U.S.C.A. §203(m), McNellie's takes a "tip credit" and pays servers a special 
minimum wage of only $2.13 per hour. Sullivan's bi-weekly paychecks are 
typically less than $50.00. As is customary for wait staff, Sullivan also 
receives tips from customers, in cash and by credit card. McNellie's allows 
employees to keep all cash tips and remits to employees at the end of each shift 
the tips that were paid via credit card.
¶3 Capital One obtained a judgment against Sullivan in the amount of 
$2,268.93. In an effort to collect on the judgment, Capital One filed a 
Continuing Earnings Garnishment Affidavit and Summons seeking to garnish 
Sullivan's earnings from McNellie's. For several months, McNellie's filed 
bi-weekly answers to the garnishment, each time indicating Sullivan had no 
earnings subject to garnishment.[1]
¶4 In February 2013, McNellie's sought relief from the burden of filing an 
answer to the garnishment every two weeks, claiming that Sullivan's earnings 
would always be too low to be eligible for garnishment due to her special hourly 
wage. McNellie's noted that, although no published appellate opinion in Oklahoma 
addresses the issue of whether credit card tips are earnings subject to 
garnishment, credit card tips are not considered earnings under the 
federal Consumer Credit Protection Act (CCPA) (15 U.S.C.A. §1671 et seq.) 
and argued that the CCPA preempts state law where it is more restrictive. After 
a hearing, the trial court held that the credit card tips are earnings subject 
to garnishment and ordered McNellie's to recalculate Sullivan's earnings from 
its receipt of the garnishment summons forward. McNellie's appeals.
¶5 Ordinarily, "[i]n a garnishment proceeding, there is a presumption in 
favor of the trial court's finding and the judgment will be affirmed unless the 
findings are clearly against the weight of the evidence." Spears v. 
Preble, 1983 OK 8, ¶21, 661 P.2d 1337, 1342 (footnote 
omitted). However, the court's legal rulings in a garnishment proceeding "are 
reviewable de novo, independent of and without deference to the trial 
court." O'Neill v. Long, 2002 
OK 63, ¶9, 54 P.3d 109, 112. 
Statutory construction likewise presents a question of law we review de 
novo. See Murray County v. Homesales, Inc., 2014 OK 52, ¶5, 330 P.3d 519, 523.
¶6 Both this state and the federal government have enacted statutes 
restricting garnishment of wages. See 12 O.S. §1170, et seq.; 14A O.S. §5-101, et seq.; and 
15 U.S.C.A. §1671, et seq. When the two conflict, the law which is more 
restrictive and results in the smaller garnishment is controlling. See 15 
U.S.C.A. §1677; Willhite v. Willhite, 1976 OK 17, ¶17, 546 P.2d 612, 616. Under Oklahoma 
law, "earnings" means "any form of payment to an individual including, but not 
limited to, salary, wages, commission, or other compensation[.]" 12 O.S. 2011 §1173.4(A). The CCPA 
similarly defines "earnings" as "compensation paid or payable for personal 
services, whether denominated as wages, salary, commission, bonus, or otherwise, 
and includes periodic payments pursuant to a pension or retirement program." 15 
U.S.C.A. §1672(a).
¶7 No published appellate opinion in this state addresses whether credit card 
tips are considered earnings under §1173.4(A) or the CCPA. Federal law, however, 
is more instructive on this issue. Enforcement of the CCPA has been assigned to 
the United States Department of Labor (DOL). See 15 U.S.C.A. §1676. The 
DOL's Field Operations Handbook (DOL Handbook), dated February 9, 2001, provides 
in Chapter 16, Section 16a07:

 
 (a) Bona fide tips are not subject to the provisions of the CCPA. A 
 garnishment is inherently a procedural device designed to reach and 
 sequester earnings held by the garnishee (usually the employer). Tips 
 paid directly to an employee by a customer are not "earnings" within the 
 meaning of [15 U.S.C.A. §1672] of the CCPA, since they do not pass to the 
 employer. This includes gratuities transferred free and clear to an employee 
 at the direction of credit customers who add tips to the bill.
 (b) Service charges added to a customer's bill constitute "earnings" 
 within the meaning of [15 U.S.C.A. §1672] when passed on to the employee. As 
 such, they are subject to the provisions of the CCPA. The following examples 
 demonstrate the point.
 
 
 (1) A restaurant charges a customer 15% of the check, as a service 
 charge, and in turn pays this amount to the server (debtor). Since this 
 is an automatic charge, there is no gratuity by the customer. The 
 compensation passed from the employer (garnishee) to the server.
 (2) The employment agreement is such that the customer's tips belong 
 to the employer and must be credited or turned over to the 
 employer.
(available at http://www.dol.gov/whd/FOH/FOH_Ch16.pdf) (emphasis 
added).
¶8 Although the DOL Handbook does not enjoy the force of law, "[s]tatutory 
construction by agencies charged with the law's enforcement is given persuasive 
effect[.]" Walker v. Group Health, 2001 OK 2, ¶29, 37 P.3d 749, 760. At least two 
other courts have given the DOL's interpretation "respectful consideration and 
deference." See Big M, Inc. v. Texas Roadhouse Holding, LLC, 415 N.J. 
Super. 130, 136, 1 A.3d 718, 722 (N.J. Super.A.D. 2010); see also Erlanger 
Med. Ctr. v. Strong, 382 S.W.3d 349, 353 (Tenn. Ct. App. 2012).
¶9 Capital One acknowledges the DOL Handbook but does not address the 
deference we must accord to its interpretation. Instead, Capital One argues that 
McNellie's mere processing of the credit card tips is an exercise of control 
sufficient to qualify those tips as earnings subject to garnishment. However, 
Capital One's position is in direct opposition to the DOL Handbook, and the 
authority cited by Capital One is not persuasive.[2]
¶10 We give the DOL's interpretation deference and find the cases adopting 
its analysis to be persuasive. We hold that credit card tips paid directly by 
the employer to an employee at the end of a work shift are insulated from 
garnishment. The judgment of the trial court is reversed, and this cause is 
remanded to the trial court for any further proceedings necessitated hereby.

¶11 REVERSED AND REMANDED.

HETHERINGTON, C.J., and JOPLIN, J., concur.

FOOTNOTES

[1] Under 
both federal and state law, the maximum amount of an individual's disposable 
earnings subject to garnishment may not exceed (a) 25% of his disposable 
earnings for the week; or (b) the amount by which his weekly disposable earnings 
exceed $217.50 (30 times the federal minimum wage of $7.25), whichever is less. 
See 14A O.S. §5-105(2) and 
15 U.S.C.A. §1673(a).

[2] 
Shanks v. Lowe, 364 Md. 538, 774 A.2d 411 (Md. 2001), released shortly 
after the February 2001 version of the DOL Handbook, does not discuss the CCPA 
at all. Myers v. Copper Cellar Corp., 192 F.3d 546 (6th Cir. 1999), 
addresses whether an employer may deduct a fixed percentage from employees' 
credit card tips to recover the processing fee charged by the credit card 
company and is not pertinent to the issue in this case.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 2, 37 P.3d 749, 72 OBJ 147, WALKER v. GROUP HEALTH SERVICES, INC.
Discussed
 2002 OK 63, 54 P.3d 109, O'NEILL v. LONG
Discussed
 1976 OK 17, 546 P.2d 612, WILLHITE v. WILLHITE
Discussed
 2014 OK 52, 330 P.3d 519, MURRAY COUNTY v. HOMESALES, INC.
Discussed
 1983 OK 8, 661 P.2d 1337, Spears v. Preble
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1170, Definitions
Cited
 12 O.S. 1173.4, Continuing Lien on Earnings - Definitions
Cited
Title 14A. Consumer Credit Code
 Cite
Name
Level

 14A O.S. 5-101, Short Title
Cited
 14A O.S. 5-105, Limitation on Garnishment
Cited